IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| DANVILLE COMMERCIAL INDUSTRIAL STORAGE, LLC and NORTH AMERICAN MOLD TECHNOLOGY, LLC. | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No: 4:18-cv-00050-JLK<br>) |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, JAMES PEBBLES, HAYWOOD PARKER, IN-LINE CONSULTING, LLC., KIM E. WINCHELL, and H.B. FISHMAN & CO., INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Haywood Parker and IN-Line Consulting, LLC ("Parker and IN-Line"), by counsel, in response to the complaint filed by plaintiffs Danville Commercial Industrial Storage, LLC ("DCIS") and North American Mold Technology, LLC ("NAMT") and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, make the following points and cite the following authorities in support of their *Motion to Dismiss the Complaint*.

## I.
## INTRODUCTION

Plaintiff NAMT brings two causes of action against Parker and IN-Line consisting of common law and statutory conspiracy claims (Va. Code § 18.2-499(B)) that stem from an insurance coverage dispute between the Plaintiffs and

1

defendant Selective Insurance Company of South Carolina ("Selective"). The only involvement alleged by Parker and IN-Line stems from being retained by Selective to prepare a "preliminary" replacement cost estimate for a portion of damage to a building at 265 Corning Drive, Danville, Virginia. and attending a meeting with the Plaintiffs and defendant Kim Winchell ("Winchell") on October 20, 2016. *Complaint* (ECF No. 1-1), ¶¶ 44, 45, 46, 49. For the following reasons, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## II.
## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) should be granted if it appears certain facts cannot be proven in support of the Plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679; *see also Simmons v. United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is *plausible* on its face." (citations omitted)). Additionally, causes of action for business conspiracy incur a

2

heightened standard requiring pleading with particularity in order to prevent every business dispute from becoming a conspiracy claim. *Bay Tobacco, LLC v. Bell Quality Tobacco Products, LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003). In addition to the *Iqbal* plausibility requirement, circumstances such as time, place and alleged effect of the conspiracy must be pled. *AWP, Inc. v. Commonwealth Excavating, Inc.*, 2013 U.S. Dist LEXIS 103880; 2013 WL 3830500 (*quoting Gov't Emples. Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 706 (E.D. Va. 2004); *Johnson v. Kaugars*, 14 Va. Cir 172, 176 (City of Richmond Cir. 1988)).

A court is not required to accept as true unsupported legal conclusions, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir 1989), "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citations omitted). "Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (citations omitted).

3

## III.
## FACTUAL ALLEGATIONS

Plaintiff DCIS owns a warehouse that is rented by Plaintiff NAMT at 265 Corning Drive, in Danville, Virginia. *Complaint* ¶¶ 1-3, 5-7. The warehouse was insured by Selective during a claimed covered loss event wherein the building and its contents were damaged on July 3, 2016 stemming primarily from a roof collapse. *Id*. ¶¶ 9, 18, 20, 22, 31, 41, 156-158. Selective, as part of the claim investigation, sent employees and hired multiple estimators to investigate the building and claimed damages to prepare estimates. *Id*. ¶¶ 33, 44, 48, 49. Those hired estimators included Parker, who was an employee with IN-Line, which had done work in the past for Selective. *Id*. ¶ 12, 44. Winchell ("Winchell"), an employee of co-Defendant H.B. Fishman & Co. Inc. ("Fishman"), was also hired to perform estimating and investigative work for Selective. *Id*. ¶ 14, 48.

Parker and IN-Line generated an estimate on August 2, 2016, limited "solely to the area of roof collapse" at the 265 Corning Drive facility. *Id*. ¶ 45. The estimate was a "preliminary" estimate and has never been changed from its initial submission. Winchell conducted inspections on multiple days and performed a more comprehensive estimate which included damages beyond the roof structure. *Id*. ¶ 48. As part of the investigation process, Winchell and Parker were at the 265 Corning Drive facility and met with Plaintiffs' representatives on October 20, 2016. *Id*. ¶ 49. No meetings or discussions are alleged between Parker and IN-Line and

4

the other defendants beyond what is described herein. The Complaint contains no other facts concerning Parker and IN-Line beyond conclusory allegations of Count IV and V, including the following statements:

*Count IV – Common Law Conspiracy*

*162. Pebbles, Selective, Parker, IN-Line, Winchell and HB Fishman acted in concert, agreed, associated, mutually undertook or combined together to intentionally, purposefully, and without lawful justification injure the trade and business of NAMT.*

*163. Pebbles and Selective used their relationships with Parker, IN-Line, Winchell and HB Fishman to deny speedy and reasonable payment to NAMP and purposefully interfered with NAMT's contractual relationship with Goodyear resulting if [sic] the loss of the latter's business.*

*Count V – Statutory Conspiracy*

*161.[1]     Pebbles, Selective, Parker, IN-Line, Winchell and HB Fishman acted in concert, agreed, associated, mutually undertook or combined together to intentionally, purposefully, and without lawful justification injure the trade and business of NAMT.*

*162. Pebbles and Selective used their relationships with Parker, IN-Line, Winchell and HB Fishman to deny speedy and reasonable payment to NAMP and*

---

[1] The Complaint's paragraphs are misnumbered. The numbering in Count V restarts at ¶160, with the prior numbered paragraph being 166.

5

*purposefully interfered with NAMT's contractual relationship with Goodyear resulting if [sic] the loss of the latter's business in violation of Va. Code § 18.2-499(B).*

Defendants Parker and IN-Line filed a demurrer to the above counts along with the answer they filed in the City of Danville Circuit Court prior to removal of the case to this Court on August 9, 2018. ECF 1-5.

## IV.
## ARGUMENT

**A. Facts as alleged are insufficient to state cognizable conspiracy claims.**

Conspiracy claims require a heightened pleading standard to include a description of facts and circumstances of the alleged conspiracy. *AWP, Inc., supra at* 3. The pleading must include "the requisite concert of action and unity of purpose in more than conclusory language." *Bay Tobacco, LLC v. Bell Quality Tobacco Products, LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (quoting *Lewis v. Gutpa*, 54 F. Supp. 2d 611, 618 (E.D. Va. 1999)).

Defendants Parker and IN-Line have been included in the claim for conspiracy based solely on conclusory language in Counts IV and V. The only factual allegations are that: (1) Parker, as an employee of IN-Line, was hired to perform a limited estimate confined only to the roof damage at the 265 Corning facility, and the estimate was labeled "preliminary" and never changed; (2) Parker and IN-Line had previously been used by Selective for estimation work, (which is

6

probative of nothing); and (3) Parker attended a meeting that included representatives of the Plaintiffs where, assumedly, damage to the building was discussed. That is all that is alleged as to Parker and IN-Line; nothing more.

Like the plaintiff in *Bay Tobacco*, NAMT "fails to plead even a single fact" relating how Parker and IN-Line injured the business of NAMT and purposefully interfered with its prior contractual relationship with Goodyear. *Bay Tobacco,* 261 F. Supp. 2d at 500. Plaintiffs thought the estimate was unreasonably low or someone indefinite as "preliminary" in nature, but that does not state a fact that can support a conspiracy to tortiously interfere with an insurance contract. There is no allegation of an affirmative act taken in support of the conspiracy. There are absolutely no details as to how Parker and IN-Line are alleged to have damaged NAMT through the performance of one limited preliminary roof estimate.

Parker and IN-Line are left only to guess how their prior work for Selective and performance of a limited preliminary estimate contributed to a conspiracy aimed at NAMT. However, the pleading standard does not require a defendant to guess at the basis of their supposed liability when faced with a lack of factual allegations. The Complaint exhibits a complete absence of affirmative factual assertions to support Plaintiffs' conspiracy allegations. There is no fact to indicate any instructions from Selective to Parker and IN-Line beyond simply being hired to perform a damage estimate. There are no details as to time and place of the

conspiracy or that any meeting or discussions took place at all between the alleged conspirators beyond a meeting on October 20, 2016, with representatives from the Plaintiffs. Even Plaintiffs' reference to the October 20, 2016 meeting contains no factual details of the conversations between the parties. It is impossible to decipher from the Complaint how Parker and IN-Line were engaged in a conspiracy, because there are no facts concerning the details of interactions they are alleged to have had with the codefendants they are alleged to have conspired with. The Court assumes alleged facts are true, but it cannot assume the existence of facts not pled. *Bay Tobacco,* 261 F. Supp. 2d at 500. NAMT has offered nothing more than conclusory language tracking the Virginia business conspiracy statute and related case law, which formulaic recitations fail to state a claim.

**B. The intracorporate immunity doctrine precludes the conspiracy claims.**

The doctrine of intracorporate immunity states a corporation cannot conspire with itself as a conspiracy requires at least two or more persons. *Selman v. American Sports Underwriters, Inc.*, 697 F. Supp. 225, 238 (1988). A corporation is a legal entity that acts through officers, employees and agents. *Id*. at 238. The result creates a legal impossibility for the actors of the corporation to conspire if acting within the course and scope of their employment/agency. *Id*. at 238. Additionally, the immunity extends to agents of the corporation even when sued individually. *Id*. Finally, and key to Parker and IN-Line, an agent is one that 1) is

8

subject to the control of the principal and 2) is performing the work of the principal or for the principal's benefit. *SecureInfo Corp. v. Telos Corp.*, 387 F. Supp. 2d 593, 616-617 (E.D. Va. 2005) (citing *Whitfield v. Whittaker Mem'l Hosp.*, 210 Va. 176, 169 S.E.2d 563, 567 (Va. 1969).

The complaint alleges that Pebbles, an employee of Selective, "retained Parker and IN-Line" to "serve as a construction consultant and prepare a replacement cost estimate of the damage to the building at 265 Corning Drive." *See Compl*. ¶¶ 11, 44. Similarly, Parker is claimed to have been an employee of IN-Line. *Id*. ¶ 12. Nothing is alleged to indicate Parker was outside the scope of his employment with IN-Line or that Parker and IN-Line failed to do the work they were retained to perform. The only allegations are that "Parker, on behalf of IN-Line, generated a "preliminary" estimate on August 2, 2016 of replacement cost at $187,420.19." *Id*. ¶ 45.

In the event the conspiracy pleadings of Counts IV and V are factually sufficient to proceed against Parker and In-Line, they also fail due to the intracorporate immunity doctrine. Parker and IN-Line are agents of Selective and therefore cannot conspire with Selective or the other agents of Selective (Winchell and Fishman). While agency has a factual element that is often said to preclude determination of the existence of agency at the pleading stage, when, as here,

9

Plaintiffs plead facts asserting agency relationships, the Court can address the issue.

The application of the intracorporate immunity doctrine leads to the conclusion that all the co-Defendants should be considered one "person" for the purpose of a conspiracy determination. They are all either agents or employees of Selective acting to further the interests of the entity. The result is that the Plaintiffs have failed to plead a conspiracy by more than one individual, which is a requirement of either a civil or statutory conspiracy claim. *See, e.g., Ashco Int'l v. Westmore Shopping Ctr. Assocs.*, 42 Va. Cir. 427, 1997 Va. Cir. LEXIS 158 (Fairfax, 1997) (sustaining demurrer to tortious interference based conspiracy claim against agent/principal). It is noted the complaint pleads nothing as to Parker and IN-Line to claim any "independent personal stake" in the purported illegal objective of the conspiracy, which is the only recognized exception to the doctrine. The intracorporate immunity doctrine bars Claims IV and V against Parker and IN-Line.

### C. The claim underlying the alleged business conspiracy, tortious interference with contract, is devoid of facts to support unlawful act or purpose sufficient to support a business conspiracy.

Plaintiffs have alleged unpaid or reduced payment of what they consider to be their entitled casualty coverage under a property insurance policy between Plaintiffs and Selective. In conclusory fashion, they claim that the acts of the

defendants, including Parker and IN-Line for making their one allegedly low estimate, are sufficient to constitute a tortious interference with insurance contract, which they rely on as an unlawful act by lawful means or lawful act by unlawful means done for the purpose of conspiring to injure Plaintiffs in their business. This claim has been attempted before, and it has failed.

In *Station # 2, LLC v. Lynch*, 280 Va. 166, 695 S.E.2d 537 (2010), the Virginia Supreme Court stated:

> Code § 18.2-499 criminalizes conspiracies to "willfully and maliciously injur[e] another in his reputation, trade, business or profession by any means whatever." Code § 18.2-500 allows victims of such conspiracies to claim treble damages and attorney's fees in a civil action. "[T]o survive demurrer, an allegation of conspiracy, whether criminal or civil, must at least allege an unlawful act or an unlawful purpose." *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 402, 337 S.E.2d 744, 748 (1985). Station # 2 asserts that Gadams, Marathon, and the Lynches acted unlawfully by preventing it from installing the soundproofing material. Even assuming the defendants conspired among each other, preventing Station # 2 from installing the soundproofing material does not constitute an "unlawful act."
>
> In *Worrie v. Boze*, 198 Va. 533, 536, 95 S.E.2d 192, 196 (1956), we recognized a common law claim of conspiracy by a plaintiff who alleged the defendants had conspired to procure the breach of a contract. We commented in *Chaves v. Johnson*, 230 Va. 112, 119-20, 335 S.E.2d 97, 102 (1985), that such claims were embraced by Code §§ 18.2-499 and 18.2-500. However, we presently are of opinion that a conspiracy merely to breach a contract that does not involve an independent duty arising outside the contract is insufficient to establish a civil claim under Code § 18.2-500.

*Station # 2*, 280 Va. at 173-74.

In a note within *Station # 2*, the Court explained, "To permit a mere breach of contract to constitute an "unlawful act" for the purposes of the conspiracy statute would be inconsistent with the diligence we have exercised to prevent "turning every breach of contract into an actionable claim for fraud." (internal citations omitted). *Id*. at 174. The Court went further to say, "Non-performance of a contractual promise does not, without more, create a basis for recovery in tort. Likewise, we do not believe it can rise to the level of an "unlawful act" under Code § 18.2-500 for a similar reason: the duty of performance under the contract springs solely from the agreement; the duty is not imposed extrinsically by statute, whether criminal or civil, or independently by common law. *Id.* "**Thus, non-performance, without more, is not an 'unlawful act.'**" *Id.* (bold emphasis added).

The crux of the argument is to say that if Plaintiffs disagree with the sufficiency of the coverage they received from Selective, they have a contract claim and a bad faith statute to pursue their disappointed economic expectations. Attacking the agent of their insurance company who was performing a necessary function of the contract (to estimate damage to a property), which duty arises solely from the contract (there is no common law or statutory duty running between an independent estimator and an insured property owner), is not sufficient grounds for a tortious interference claim or a business conspiracy claim.

12

Case 4:18-cv-00050-JLK-RSB Document 30 Filed 09/06/18 Page 12 of 15 Pageid#: 2195

# V.
# CONCLUSION

WHEREFORE, Parker and IN-Line respectfully request that this Court grant their Motion to Dismiss the Complaint and award them such other and further relief as this Court deems just and proper.

Dated: September 6, 2018

Respectfully submitted,

**HAYWOOD PARKER and
IN-LINE CONSULTING, LLC**

By Counsel

    /s/    Andrew Biondi
Andrew Biondi (VSB #48100)
SANDS ANDERSON PC
2400 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, Virginia 23218-1998
Telephone:  (804) 648-1636
Facsimile:   (804) 783-7291
E-Mail:  abiondi@sandsanderson.com
*Counsel for Haywood Parker and
In-Line Consulting, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that

on this date a true and correct copy of the foregoing was to be served on the following counsel of record via the ECF system:

>Anthony H. Monioudis, Esq.
>Anthony H. Monioudis, Esq., PLC
>341 Main Street, Suite 201
>Danville, VA 24541
>Email: anthony@ahmple.com
>*Counsel for Plaintiffs*
>
>And
>
>Calvin W. Fowler, Jr., Esq.
>Harold E. Johnson, Esq.
>Williams Mullen
>200 South 10th Street, Suite 1600
>P.O. Box 1320
>Richmond, VA 23218-1320
>(804) 420-6000
>(804) 420-6507(fax)
>Email: wfolwer@williamsmullen.com
>        hjohnson@williamsmullen.com
>*Counsel for Defendant Selective Insurance Company of South Carolina*
>
>And
>
>Stephen Andrews, Esq.
>Vandeventer Black LLP
>Riverfront Plaza – West Tower
>901 E. Byrd Street, Suite 1600
>P.O. Box 1558 (23218)
>Richmond, VA 23218
>Phone: (540) 776-3583
>Fax:   (540) 776-1542
>Email: sandrews@vanblk.com
>*Counsel for H.B. Fishman and Kim Winchell*

/s/   Andrew Biondi
Andrew Biondi (VSB #48100)
SANDS ANDERSON PC
2400 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, Virginia 23218-1998
Telephone:   (804) 648-1636
Facsimile:   (804) 783-7291
E-mail:  abiondi@sandsanderson.com
*Counsel for: Haywood Parker and
In-Line Consulting, LLC*